IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Action No. 12-cv-01015-WYD-KMT

Wyatt T. Handy, Jr.,

     Plaintiff,

v.

CITY OF SHERIDAN;
DET. KRISTINE BRYANT; in her individual and official capacity, and,
OFF. MIKE MONTOYA; in his individual and official capacity,

     Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court in connection with the City of Sheridan, Detective Kristine Bryant, and Officer Mike Montoya's (collectively "the defendants") Sheridan Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 19], and plaintiff, Wyatt T. Handy, Jr.'s, Motion To Amend Complaint [ECF No. 60]. These motions were referred to Magistrate Judge Tafoya [ECF No. 8].  On February 15, 2013, Magistrate Tafoya issued a Recommendation [ECF No. 93] regarding the defendants' Motion to Dismiss [ECF No. 19] and Handy's Motion To Amend Complaint [ECF No. 60].  For the reasons discussed below, Magistrate Judge Tafoya's Recommendation is AFFIRMED IN PART and REJECTED IN PART.  The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LR. 72.1.

**BACKGROUND**

This suit arises out of events connected to plaintiff, Wyatt Handy, Jr.'s, February 10, 2010, arrest by Sheridan Police Department ("SPD") personnel and subsequent criminal charges faced as a result of that arrest.

On January 19, 2010, Handy's ex-wife, Lacy Jo Smith, entered SPD and spoke with Detective Kristine Bryant about an alleged incident regarding Handy.  Smith told Detective Bryant that Handy had followed her car around town and violently rammed her car twice.  Allegedly, the second ramming occurred while Smith was in a stopped position at a red light and was so forceful that Smith's car entered the intersection after being struck by Handy's car.  According to Smith, her two children and James Burks were also in the car at the time of the alleged ramming.

Detective Bryant and Officer Mike Montoya inspected Smith's car and found only minor damage *e.g.*, a broken tail light.  On February 1, 2010, Smith contacted Detective Bryant and stated that the alleged violent rammings terminated her pregnancy. Detective Bryant then submitted an affidavit in support of an arrest warrant for Handy on four counts of second degree attempted murder and other felonies.  SPD arrested Handy on February 10, 2010, and a protection order was subsequently issued in connection with charges filed against him.

On May 28, 2010, Detective Bryant initiated charges against Handy for allegedly violating the protection order.  Detective Bryant allegedly submitted an affidavit that included false statements that Handy violated the protection order by contacting Smith in February and March of 2010.  According to Handy, he could not have violated the protection order at that time because the protection order was not issued until April 23,

2010.

On June 16, 2010, Handy attended a preliminary hearing for his second degree attempted murder charges.  Handy alleges that Detective Bryant gave false testimony and misrepresented the facts surrounding the alleged violent ramming.  On June 16, 2011, Handy attended a second preliminary hearing held to determine whether probable cause existed to increase his second degree attempted murder charges to first degree extreme indifference attempted murder.  Handy alleges that Detective Bryant and Officer Montoya gave false testimony and misrepresented the facts surrounding the alleged violent ramming in order to establish probable cause for the first degree extreme indifference attempted murder charges.  The judge found that probable cause existed, and Handy was charged with first degree extreme indifference attempted murder.  According to Handy, immediately after the hearing, a bailiff informed Handy that he had a pending charge for violating the protection order that was issued against him.  This was the first time Handy became aware of the pending protection order violation.

Handy's trial commenced on August 16, 2011, and on August 18, 2011, a jury acquitted him of all charges.  However, Handy was arrested that same day for the alleged protection order violation.  On December 7, 2011, the protection order violation charge was dropped.

Handy filed this suit against the defendants on April 16, 2012, alleging seven claims under 42 U.S.C. § 1983[1] and five Colorado state law tort claims:  (1) two

---

[1] Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

malicious prosecution claims; (2) false arrest / false imprisonment; (3) gross negligence; and, (4) intentional infliction of emotional distress.  On June 6, 2012, the defendants filed a Motion to Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 19], arguing that this Court lacks subject matter jurisdiction over Handy's tort claims because he did not provide timely notice of this suit to the defendants pursuant to the Colorado Governmental Immunity Act ("CGIA"), Colorado Revised Statues § 24-10-101, *et seq*. On November 7, 2012, Handy filed a Motion to Amend Complaint [ECF No. 60], seeking to add five additional defendants and seven new claims.  Handy seeks to add the following defendants:  (1) Officer Robert Arrellano; (2) Officer Nancy Schwan; (3) his ex-wife, Lacy Jo Smith; (4) James C. Burk; and, (5) Andrew Glaviano.  Handy seeks to add the following claims:  (1) civil conspiracy; (2) negligence; (3) negligent supervision; (4) *respondeat superior*; (5) failure to train and supervise; (6) defamation; and, (7) violations of *Brady v. Maryland*, 373 U.S. 83 (1963)[2].

On February 15, 2013, Magistrate Judge Tafoya issued a Recommendation [ECF No. 93] regarding the defendants' Motion To Dismiss For Lack of Subject Matter Jurisdiction [ECF No. 19] and Handy's Motion to Amend Complaint [ECF No. 60]. Magistrate Judge Tafoya recommends that both motions be denied in part and granted in part.  On March 1, 2013, the defendants filed Objections To Recommendations Of

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[2] In *Brady*, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.

United States Magistrate Judge [ECF No. 97].  Below, I will discuss and analyze

Magistrate Judge Tafoya's recommendations regarding the pending motions and state

whether or not I concur with the recommendations.

## ANALYSIS

### A.  Legal Standard

Because the defendants filed objections to Magistrate Judge Tafoya's

Recommendation [ECF No. 97]], I must review "de novo any part of the magistrate

judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see* 28

U.S.C. § 636(b)(1)(C); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

(citations omitted) ("De novo review is statutorily and constitutionally required when

written objections to a magistrate's report are timely filed with the district court").  I must

"consider relevant evidence of record and not merely review the magistrate judge's

recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

Further, I am given discretion whether to "accept, reject, or modify" the recommended

disposition made by the Magistrate Judge. FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. §

636(b)(1)(C).

### B.  The Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### 1.  Legal Standard

FED. R. CIV. P. 12(b)(1) allows a federal court to dismiss a complaint for lack of

subject matter jurisdiction.  When analyzing a motion to dismiss pursuant to Rule

12(b)(1), a court determines whether it has authority to adjudicate the action, rather than

seeking to resolve the merits of the action.  "[A] party invoking federal jurisdiction bears

the burden of establishing such jurisdiction." *Radil v. Sanborn W. Champs, Inc.*, 384

F.3d 1220, 1224 (10th Cir. 2004).  "Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *Id.*  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

### 2.  The Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101, *et seq.*

The defendants argue that pursuant to the CGIA, this Court does not have subject matter jurisdiction over Handy's tort claims.

Pursuant to the CGIA:

> It is the intent of this article to cover all actions which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant. *No public entity shall be liable for such actions except as provided in this article, and no public employee shall be liable for injuries arising out of an act or omission occurring during the performance of his or her duties and within the scope of his or her employment, unless such act or omission was willful and wanton, except as provided in this article.* Nothing in this section shall be construed to allow any action which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant to be brought against a public employee except in compliance with the requirements of this article.

COLO. REV. STAT. 24-10-105(1) (emphasis added).  The CGIA further provides that a plaintiff suing a Colorado state public entity or public employee in tort must provide notice of such claim within 182 days after the date the plaintiff discovered the alleged injury. *Id.* at § 24-10-109(1).  With respect to notice, the CGIA states, in pertinent part:

> (1) Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, *shall file a written notice as provided in this*

> *section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.* Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.
>
> (2) The notice shall contain the following:
>
>> (a) The name and address of the claimant and the name and address of his attorney, if any;
>>
>> (b) A concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of;
>>
>> (c) The name and address of any public employee involved, if known;
>>
>> (d) A concise statement of the nature and the extent of the injury claimed to have been suffered;
>>
>> (e) A statement of the amount of monetary damages that is being requested.

*Id.* at §§ 24-10-109(1) and (2) (emphasis added).

On July 1, 2011, Handy wrote a letter to the Sheridan City Attorney's Office to inform it of his intention to file this suit.  The letter states that:

> In accordance with section 24-10-109, C.R.S. 2008; et seq, Wyatt T. Handy Jr., herein the petitioner, hereby gives notice of his intent to sue for direct violation of his constitutional rights under the Fourth & Fourteenth Amendments to the U.S. Constitution, and various state law claims for false arrest, [Brady,] false imprisonment, [malicious prosecution,] negligence, gross negligence, & intentional infliction of emotional distress.  The said lawsuit is being leveled against Det. Bryant, Off. Montoya, Off. Schwan, Off. Arrellano, of the Sheridan Police Dept., for the acts and omissions of its agents, servants & employees, for injuries suffered as a result of said conduct, and activities directed against the petitioner.

ECF No. 25, p. 46.  Handy alleges that this letter is sufficient notice for all his claims.

The defendants also argue that COLO. REV. STAT. § 13-17-201 entitles them to

attorney fees for defending this action.  The statue states:

> In all actions brought as a result of a death or an injury to
> person or property occasioned by the tort of any other
> person, where any such action is dismissed on motion of the
> defendant prior to trial under rule 12(b) of the Colorado rules
> of civil procedure, such defendant shall have judgment for
> his reasonable attorney fees in defending the action. This
> section shall not apply if a motion under rule 12(b) of the
> Colorado rules of civil procedure is treated as a motion for
> summary judgment and disposed of as provided in rule 56 of
> the Colorado rules of civil procedure.

COLO. REV. STAT. § 13-17-201.  The defendants argue that because the CGIA bars

Handy's tort claims, they are entitled to reasonable attorney fees.

### 3.  Magistrate Judge Tafoya's Recommendation [ECF No. 93]

Magistrate Judge Tafoya held that Handy's notice is untimely for any claim

arising from Handy's February 10, 2010, arrest and second degree attempted murder

charges because it was not filed within 182 days of the arrest.[3]  Thus, Magistrate Judge

Tafoya recommends that the CGIA bars Claims 6 (malicious prosecution), 11 (malicious

prosecution), and 13-15 (false arrest / false imprisonment, gross negligence, and

intentional infliction of emotional distress) to the extent that they relate to incidents

surrounding Handy's February 10, 2010, arrest.  Magistrate Judge Tafoya further held

that this notice is timely, because it was filed within 182 days, for any claim stemming

from information Handy became aware of at his June 16, 2011, preliminary examination

*i.e.*, the first degree extreme indifference attempted murder charges and the protection

order violation charge.  Thus, Magistrate Judge Tafoya recommends that the CGIA

---

[3] 182 days from Handy's February 10, 2010, arrest was August 11, 2010.

does not bar Claims 6 (malicious prosecution), 11 (malicious prosecution), and 13-15 (false arrest / false imprisonment, gross negligence, and intentional infliction of emotional distress) to the extent they relate to any incidents surrounding Handy's June 16, 2011, preliminary examination.

Magistrate Judge Tafoya further restricted the scope of Handy's false arrest / false imprisonment claim (Claim 13), holding that the CGIA bars the claim to the extent that it relates to Handy's August 18, 2011, arrest for the allegedly violating the protection order.  Because Handy was arrested for the alleged violation on August 18, 2011, his July 7, 2011, notice could not logically contain notice of that arrest and any claims arising from it.  Thus, Magistrate Judge Tafoya held that Handy's false arrest / false imprisonment claim (Claim 13) can only relate to the events surrounding the June 16, 2011, preliminary examination.

Magistrate Judge Tafoya also held that because Handy's allegations, if proven true, could rise to the level of willful and wanton conduct, the CGIA does not automatically bar Handy's claims against Detective Bryant and Officer Montoya in their individual capacities.[4]  However, Magistrate Judge Tafoya held that because suing Detective Bryant and Officer Montoya in their official capacities is synonymous with suing the entity of which are agents *i.e.*, SPD, the CGIA bars any claims against them in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 167 (1995) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)) ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'").

---

[4] The CGIA's grant of immunity to public employees is qualified.  Thus, if a plaintiff establishes that the defendant(s) was willful and wanton, the defendant(s) are no longer personally immune from liability under the CGIA. *See* COLO. REV. STAT. 24-10-105(1).

Regarding the defendants' request for attorney fees pursuant to the CGIA, Magistrate Judge Tafoya held that because Handy's tort claims are not dismissed *in their entirety*, the defendants are not entitled to attorney fees under the CGIA. *See* COLO. REV. STAT. § 13-17-201 (emphasis added) ("In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, *where any such action is dismissed on motion of the defendant prior to trial* under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action").

### a. Rejection of Magistrate Judge Tafoya's Recommendation

I agree with Magistrate Judge Tafoya with the exception of her recommendation on Handy's malicious prosecution claims:  Claims 6 and 11.  Magistrate Judge Tafoya held that the CGIA bars these claims to the extent that they relate to Handy's arrest and the second degree attempted murder charges, while the CGIA does not bar these claims to the extent they relate to Handy's first degree extreme indifference attempted murder charges and the alleged protection order violation.  To the extent that the CGIA bars Handy's torts claims for failure to give timely notice, this Court does not have subject matter jurisdiction over those claims. *See* COLO. REV. STAT. § 24-10-109(1) (emphasis added) ("Compliance with the provisions of this section *shall be a jurisdictional prerequisite to any action brought under the provisions of this article*, and failure of compliance shall forever bar any such action").

The first paragraph under Handy's first malicious prosecution claim, Claim 6, states that "[p]aragraphs 1 through 18 are incorporated herein by reference as though fully set forth." ECF No. 1, p. 10, ¶ 45.  Paragraphs 1 through 18 of Handy's complaint

relate to his February 10, 2010, arrest and second degree murder attempted murder

charges.  Because Magistrate Judge Tafoya held that the CGIA bars any claims relating

to Handy's February 10, 2010, arrest and second degree attempted murder charges,

this Court does not have subject matter jurisdiction over Claim 6.  Thus, I reject

Magistrate Judge Tafoya's Recommendation [ECF No. 93] regarding the defendants'

Motion To Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 19] to that extent.

Therefore, the defendants' Motion to Dismiss for Lack of Subject Matter

Jurisdiction [ECF No. 19] is GRANTED IN PART and DENIED IN PART.  The motion is

GRANTED in that:  (1) this Court lacks subject matter jurisdiction over Handy's tort

claims arising out of his February 10, 2010, arrest and the subsequent second degree

attempted murder charges; and, (2) the CGIA bars Handy's claims against Detective

Bryant and Officer Montoya in their official capacities.  The motion is DENIED in that:

(1) this Court has subject matter jurisdiction over Handy's tort claims arising out of or in

connection with the June 16, 2011, preliminary hearing *i.e.*, the first degree extreme

indifference attempted murder charges and alleged protection order violation; (2) the

CGIA does not bar Handy's claims against Detective Bryant and Officer Montoya in their

individual capacities; and, (3) the defendants are not entitled to reasonable attorney

fees pursuant to COLO. REV. STAT. § 13-17-201 because this action is not dismissed.

**C.  Handy's Motion to Amend Complaint [ECF No. 60]**

FED. R. CIV. P. 15 allows parties to amend and supplement their pleadings.[5]

---

[5] FED. R. CIV. P. 15 states, in pertinent part:

(a) Amendments Before Trial.
    (1) *Amending as a Matter of Course*. A party may amend its pleading
once as a matter of course within:
        (A) 21 days after serving it, or
        (B) if the pleading is one to which a responsive pleading is required,

Because Handy cannot amend his complaint "as a matter of course," he may only amend his complaint "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*  Though the FEDERAL RULES of CIVIL PROCEDURE dictate that courts should grant amendment freely when justice so requires, the United States Court of Appeals for the Tenth Circuit has held that its "case law establishes a limitation to this principle:  the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted).  District courts have "wide discretion to recognize a motion for leave to amend in the interest of a just, fair, or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1991)).

Handy seeks leave to amend his complaint to add parties and claims, and to clarify certain facts set forth in his original complaint.  Handy seeks to add the following defendants:  (1) Officer Robert Arrellano; (2) Officer Nancy Schwan; (3) his ex-wife, Lacy Jo Smith; (4) James C. Burks; and, (5) Andrew Glaviano.  With respect to additional claims, I adopt Magistrate Judge Tafoya's statements regarding additional claims sought by Handy.  Magistrate Judge Tafoya stated:

---

21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

   (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff also seeks to add five new state-law tort claims for (1) civil conspiracy against all of the individual defendants and proposed individual defendants; (2) negligence against Defendants Bryant and Montoya and Officers Arellano and Schwan; (3) negligent supervision against the City of Sheridan, Defendants Bryant and Montoya, and Officers Arellano and Schwan; (4) *respondeat superior* against the City of Sheridan, Defendants Bryant and Montoya, and Officers Arellano and Schwan; (5) "failure to train and supervise" against the City of Sheridan and Defendant Bryant; and (6) defamation against Defendants Bryant and Montoya, and Ms. Smith and Mr. Burks.

Plaintiff also seeks to amend (1) his § 1983 conspiracy claim so that it is directed at all of the proposed individual defendants, and (2) his remaining § 1983 claims so that they are also directed at Officers Arellano and Schwan. In addition, Plaintiff seeks to add a § 1983 claim against Defendants Bryant and Montoya and Officers Arellano and Schwan for violating his Fourteenth Amendment due process rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Finally, plaintiff seeks to amend his Complaint to clarify that there were two preliminary hearings held in his criminal case.

ECF No. 93, pp. 17-18. Magistrate Judge Tafoya analyzed each claim Handy asserts in his proposed amended complaint [ECF No. 60-1] in order to determine whether amendment would futile.

**1. Handy's Proposed Amended Complaint [ECF No. 60-1]**

 **a. Colorado State Law False Arrest and False Imprisonment Claims (Claims 12 & 13)**

Handy asserts these claims against Detective Bryant. In analyzing the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 19], Magistrate Judge Tafoya held the CGIA bars Handy's false arrest and false imprisonment claims to the extent they relate to his February 12, 2010, arrest and August 18, 2011, arrest because Handy did not timely file notice of such claims

pursuant to the CGIA mandate.  Magistrate Judge Tafoya held that the CGIA does not

bar these claims as they relate to the first degree extreme indifference attempted

murder charges and the alleged protection order violation, all which arose from the June

16, 2011, preliminary examination.  However, Magistrate Judge Tafoya states in her

Recommendation that "[p]laintiff's twelfth and thirteenth claims are barred under the

CGIA." ECF No. 93, p. 19, ¶ 1.  To be clear, the CGIA bars Handy's claims for false

arrest and false imprisonment to the extent they relate to his February 12, 2010, arrest

and the second degree attempted murder charges, and Handy's August 18, 2011,

arrest.  The CGIA does not bar these claims to the extent they relate to the first degree

extreme indifference attempted murder charges and the alleged protection order

violation.  Therefore, these claims shall be included in Handy's Amended Complaint, to

the extent previously stated.

### b.  Colorado State Law Malicious Prosecution Claim (Claim 6)

Handy asserts this claim against Detective Bryant, Officer Montoya, Officer

Arrellano, Officer Schwan, Smith, Burks, and Glaviano (collectively "the individual

defendants").  In order to prevail on a Colorado state law malicious prosecution claim, a

plaintiff must establish:  "(1) the defendant contributed to bringing a civil or criminal

proceeding against the plaintiff; (2) the proceeding was resolved in favor of the plaintiff;

(3) there was no probable cause for the proceeding; (4) the defendant acted with

malice; and (5) the plaintiff incurred damages." *Hewitt v. Rice*, 119 P.3d 541, 544 (Colo.

App. 2004) (citations omitted).

Magistrate Judge Tafoya held that the CGIA bars Handy's malicious prosecution

claim to the extent that it relates to his second degree attempted murder charge, not his

first degree extreme indifference attempted murder charge or the protection order violation charge. For reasons stated above while analyzing the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 19], I agree with Magistrate Judge Tafoya. Thus, Handy's Amended Complaint shall include this claim only to the extent that it relates to the charges for first degree extreme indifference attempted murder and the protection order violation.

### c. Colorado State Law Civil Conspiracy Claim (Claim 7)

Handy asserts this claim against the individual defendants. To prevail on a Colorado state law civil conspiracy claim, a plaintiff must show: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (citing *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989)). Magistrate Judge Tafoya held that because Handy only offers a conclusory allegation that the individual defendants "conspir[ed] to violate [his] civil rights," he does not sufficient establish that there was a meeting of minds amongst the individual defendants. I agree with Magistrate Judge Tafoya that Handy does not sufficiently plead any facts establishing that the individual defendants had a meeting of the minds to conspire against him and violate his rights. Thus, this claim is futile and shall not be included in Handy's Amended Complaint.

### d. Colorado State Law Negligence Claim (Claim 8)

Handy asserts this claim against Detective Bryant and Officers Montoya, Arrellano, and Schwan. In order prevail on a negligence claim, a plaintiff must establish that: (1) the defendant owed him a legal duty of care; (2) the defendant breached that

duty; (3) he suffered injury; and (4) the defendant's breach caused his injury. *Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004) (citing *Ryder v. Mitchell*, 54 P.3d 885, 889 (Colo. 1992)).

Magistrate Judge Tafoya held that with respect to Officers Arrellano and Schwan, Handy does not plead sufficient facts to support a negligence claim.  However, Magistrate Judge Tafoya held that Handy sufficiently alleges facts to support a negligence claim against Detective Bryant and Officer Montoya.  Specifically, Magistrate Judge Tafoya held that the CGIA's waiver of immunity for willful and wanton conduct does not automatically preclude a claim for simple negligence, so long as Handy ultimately proves that Detective Bryant and Officer Montoya acted willfully and wantonly. *A.B. ex rel. B.S.*, 831 F. Supp. 2d 1226, 1258-59 (D. Colo. Nov. 28, 2011) (denying summary judgment as to a negligence claim because there was a genuine issue of material fact as to whether the defendants' actions were willful and wanton).

I agree with Magistrate Judge Tafoya and hold that Handy's negligence claim against Detective Bryant and Officer Montoya is not futile and shall be included in Handy's Amended Complaint.  I further hold that Handy's negligence claim against Officers Arrellano and Schwan are futile and shall not be included in Handy's Amended Complaint.

### e.  Negligent Supervision, *Respondeat Superior*, and Failure to Train Claims (Claims 9-11)

Handy asserts Claim 9 (negligent supervision) and Claim 10 (*respondeat superior*) against the City of Sheridan, Detective Bryant, and Officers Montoya, Arrelllano, and Schwan.  Handy asserts Claim 11 (failure to train and supervise) against the City of Sheridan and Detective Bryant.

Magistrate Judge Tafoya held that Handy cannot assert these claims against Detective Bryant, and Officers Montoya, Arrellano, and Schwan, because they are not employers. *See Stokes v. Denver Newspaper Agency, LLP*, 159 P.3d 691, 694 (Colo. App. 2006) (emphasis added) ("Under the *respondeat superior* doctrine, an *employer* is liable for the torts of an employee acting within the scope of employment"); *Gordon v. Boyles*, 99 P.3d 75, 81 (Colo. App. 2004) (emphasis added) (citation omitted) (stating that negligent supervision claims arise when "an *employer* knew or should have known that an employee's conduct would subject third parties to an unreasonable risk of harm").  Magistrate Judge Tafoya also held that Handy's failure to train and supervise is synonymous with his negligent supervision claim, and as such, the claim fails.

Regarding the City of Sheridan, Magistrate Judge Tafoya held that the CGIA bars any of these claims because the City has not waived immunity and no CGIA waiver provision contained in COLO. REV. STAT. § 24-10-106 applies.

I agree with Magistrate Judge Tafoya that Handy cannot validly assert these claims.  Therefore, amendment as to these claims is futile and they shall not be included in Handy's Amended Complaint.

### f.  Claims Against Officers Arrellano and Schwan (Claims 1,2,5,7,8,10,11, and 20)

Magistrate Judge Tafoya first noted that Handy's proposed amended complaint contains only three factual allegations relating to Officers Arrellano and Schwan:  (1) "Det. Bryant failed to go to the crime scene or send an officer to the crime scene of the 2 alleged intentional violent rammings, to collect evidence . . . and officers under Det. Bryant's command, including Officers Montoya, Arellano, and Schwan, either converged on or passed the crime scene several times during the investigation . . . " ECF No. 60-1,

p. 6, ¶ 12; (2) "The defendants [including Officers Arrellano and Schwan] failed to report or memorialize the fact that none of them scene [sic] any evidence at the alleged crime scene . . . " *Id.* at p. 7, ¶ 13; and, (3) "Det. Bryant, Officer Montoya, Officer Arrellano, Officer Schwan, etc., deliberately, intentionally, or recklessly failed to investigate the facts of the alleged intentional violent rammings . . . " *Id.* at p. 8, ¶ 19.  Magistrate Judge Tafoya noted that the essence of these allegations against Officers Arrellano and Schwan amount to the fact that they allegedly drove past the crime scene and failed to investigate the scene because they were not directed to do so by their superior. Magistrate Judge Tafoya stated that:  (1) with respect to Handy's duty to investigate claims (Claims 1 & 2), Officers Arrellano and Schwan did not investigate because they were not told to do so by their superior; (2) with respect to Handy's malicious prosecution claims (Claims 3, 4, & 6), Handy does not allege that Officers Arrellano and Schwan's failure to investigate caused his continued confinement or prosecution; (3) with respect to Handy's conspiracy claims (Claims 5 & 7), Handy fails to establish that Officers Arrellano and Schwan had a meeting of the minds and conspired to violate his rights; (4) with respect to Handy's negligence claim (Claim 8), any failure to investigate was not the result of Officers Arrellano or Schwan's allegedly unreasonable acts or omissions; (5) with respect Handy's intentional infliction of emotion distress claim (Claim 15), Officers Arrellano and Schwan's alleged failure to investigate does not constitute outrageous conduct to support the claim[6]; and, (6) with respect to Handy's *Brady* claim

---

[6] In order to prevail on a claim for intentional infliction of emotion distress, a plaintiff must establish:

> (1) that the defendant engaged in extreme and outrageous conduct; (2) that the defendant intended to cause the plaintiff severe emotional distress (or acted with reckless disregard for the plaintiff's emotional state); and (3) the plaintiff did in fact incur severe emotional distress as a result of the defendant's conduct.

(Claim 20), Handy fails to allege that Officers Arrellano and Schwan personally participated in the investigations and personally failed to properly collect and preserve exculpatory evidence.  Magistrate Judge Tafoya held that the allegations contained in Handy's proposed amended complaint are insufficient to establish any claim of relief against Officers Arrellano and Schwan.

Magistrate Judge Tafoya also held that claims asserted against Officers Arrellano and Schwan in their official capacities are barred because such claims are essentially asserted against the City of Sheridan and the City of Sheridan is immune from tort liability via the CGIA. *See Monell*, 436 U.S. at 690 n.55 ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'").  Magistrate Judge Tafoya recommends that amendment of Handy's complaint to include claims against Officers Arrellano and Schwan would be futile and I agree.  For the reasons stated by Magistrate Judge Tafoya, Handy's Amended Complaint shall not include any claims against Officers Arrellano and Schwan.

### g.  Handy's Claims Against Andrew Glaviano and James C. Burks (Claims 5-7, 15, & 19)

With respect to Burks, Handy only mentions that he was in the car with Smith and her two children when Handy allegedly rammed Smith's car.  Handy does not sufficiently allege any claim against Burks.  Magistrate Judge Tafoya held that Handy fails to state a claim for relief against Burks and I agree.

---

*Keohane v. Stewart*, 882 P.2d 1293, 1311 n.25 (Colo. 1994) (citation omitted).  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (quoting *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970)).

With respect to Glaviano, an alleged eye witness to the supposed violent rammings, Handy only alleges that his testimony contradicts Smith and Burk's testimony.  Magistrate Judge Tafoya held that Handy's allegation against Glaviano fails to establish a claim for relief against Glaviano and I agree.

Therefore, Handy's Amended Complaint shall not include any claims against Burks and Glaviano.

### h.  Handy's Claims Against Smith (Claims 5-7, 15, & 19)

### i.  Conspiracy Claims (Claims 5 & 7)

Magistrate Judge Tafoya held that both conspiracy claims are futile because Handy does not establish that Smith had a meeting of the minds with any other defendants to violate his rights.  I agree, and these claims shall not be included in Handy's Amended Complaint.

### ii. Malicious Prosecution (Claim 6)

In order to prevail on a Colorado state law malicious prosecution claim, a plaintiff must establish:  "(1) the defendant contributed to bringing a civil or criminal proceeding against the plaintiff; (2) the proceeding was resolved in favor of the plaintiff; (3) there was no probable cause for the proceeding; (4) the defendant acted with malice; and (5) the plaintiff incurred damages." *Hewitt v. Rice*, 119 P.3d 541, 544 (Colo. App. 2004) (citations omitted).  Magistrate Judge Tafoya stated that Handy sufficiently alleges a malicious prosecution claim against Smith, as it relates to the charge of first degree extreme indifference attempted murder.  I agree.

Smith contributed to the criminal proceedings against Handy by complaining to Detective Bryant and allegedly overstating the seriousness of the alleged violent

ramming.  Further, Smith created the impetus for Detective Bryant to initiate first degree

extreme indifference attempted murder charges against Handy by stating that her

pregnancy was terminated by the alleged violent ramming.  Smith's statements to

Detective Bryant about the alleged terminated pregnancy are sufficient to show malice

given Handy's April 5, 2012, declaration (ECF No. 1-1) in which Handy states that Smith

had a voluntary abortion.  A jury acquitted Handy of all charges relating to the alleged

violent ramming and Handy suffered damages as a result of his detention and trial on

such charges.

Though a judge found probable cause existed for the first degree extreme

indifference attempted murder charges during the June 16, 2011, preliminary

examination, Handy can rebut this finding by showing "that the defendant[s]

misrepresented, withheld or falsified evidence at the hearing." *Wigger v. McKee*, 809

P.2d 999, 1005 (Colo. App. 1990).  In paragraph 39 of his proposed amended

complaint, Handy alleges that:

> [F]or the purpose of increasing the 4 counts of attempted
> second degree murder to 4 counts of attempted first degree
> extreme indifference murder, and 4 counts of attempted
> second degree assault, and to mislead the judge in to
> finding probable cause to set the false amended and added
> counts for trial, Det. Bryant and Officer Montoya presented
> false and perjured testimony.  Both Det. Bryant and Officer
> Montoya knew, based on their experience and training in
> automobile accident reconstruction, that the minor damage
> to Mrs. Smith's car was not consistent with multiple
> intentional violent rammings and pushes, at high rates of
> speed.

ECF No. 60-1, pp. 10-11, ¶ 39.  Handy properly alleges that at the very least, Detective

Bryant and Officer Montoya misrepresented facts at the June 16, 2011, preliminary

examination.  Magistrate Judge Tafoya held that at this stage, Handy's allegations are

sufficient to withstand analysis under FED. R. CIV. P. 12(b)(6).  I agree.  Therefore,

Handy's malicious prosecution claim against Smith, as it relates to the first degree

extreme indifference attempted murder charges is not futile and shall be included in

Handy's Amended Complaint.

### iii.  Intentional Infliction of Emotional Distress (Claim 15)

In order to prevail on his claim for intentional infliction of emotion distress, Handy

must establish that:  (1) Smith engaged in extreme and outrageous conduct; (2) Smith

intended to cause him severe emotional distress (or acted with reckless disregard for

his emotional state); and (3) he incurred severe emotional distress as a result of the

Smith's conduct. *Keohane*, 882 P.2d at 1311 n.25.  "Liability has been found only where

the conduct has been so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

intolerable in a civilized community." *Coors Brewing Co.*, 978 P.2d at 666 (citation

omitted).

Magistrate Judge Tafoya held that, taking Handy's allegation that Smith had a

voluntary abortion as true, a jury could arguably find Smith's false statement that the

alleged violent ramming terminated her pregnancy constitutes extreme and outrageous

conduct.  I agree.  Handy sufficiently alleges facts to support a claim for intentional

infliction of emotional distress.  Therefore, the claim is not futile and shall be included in

Handy's Amended Complaint.

### iv.  Defamation (Claim 15)

"To establish liability for defamation, a plaintiff must show that the defendant

published or caused to be published a defamatory statement." Wilson v. Meyers, 126

P.3d 276, 281 (Colo. App. 2005) (internal quotations and citations omitted).  "[I]f a statement imputes criminal activity or improper conduct in office, the words are presumed to be defamatory." *Keohane v. Wilkerson*, 859 P.2d 291, 302 (Colo. App. 1993) (citation omitted).

Magistrate Judge Tafoya held that taking Handy's allegations as true, Smith's statement that the alleged violent ramming of her vehicle terminated her pregnancy could constitute defamation *per se* because it imputes a criminal offense.  I agree.  If true, Handy's allegations sufficiently state a claim for defamation against Smith. Therefore, Handy's defamation claim against Smith is not futile and shall be included in Handy's Amended Complaint.

### i.  Handy's *Brady* Claim Against Detective Bryant and Officer Montoya (Claim 20)

In order to establish a *Brady* violation, a plaintiff must show that:  "(1) the prosecution suppressed [] evidence; (2) the evidence would have been favorable to [to the plaintiff]; and (3) the suppressed evidence is material." *United States v. Griebel*, 312 Fed. Appx. 93, 96 (10th Cir. 2008) (citations omitted).  Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.*  "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *United States V. Bagley*, 473 U.S. 667, 682 (1985)).

Magistrate Judge Tafoya stated that she was unable to conclude whether Handy's *Brady* claim was futile because there was an absence of argument on this issue by the parties.  Thus, Magistrate Judge Tafoya held that she would "address the sufficiency of these claims if and when Defendants Montoya and Bryant file a dispositive

motion as to these claims." ECF No. 93, p. 31, ¶ 4.  On March 1, 2013, the defendants

filed Objections To Recommendations Of United States Magistrate Judge [ECF No. 97],

arguing that Handy's allegations in his proposed amended complaint do not establish a

*Brady* violation.  I agree with the defendants.

 Suppression of evidence is the linchpin of a *Brady* claim.  If a plaintiff does not

allege that the prosecution or law enforcement suppressed exculpatory evidence, there

is no viable *Brady* claim.  Here, Handy does not allege that Detective Bryant and Officer

Montoya suppressed exculpatory evidence.  Rather, Handy alleges that they did not

conduct a proper investigation of the incident and misrepresented facts concerning the

alleged violent rammings at preliminary hearings.  Corollary to *Brady*'s duty to disclose

is a duty to diligently search for evidence of an alleged crime.  However, a plaintiff's

claim that certain evidence might have existed had law enforcement acted in a certain

way, is outside the scope of *Brady*.  A plaintiff must establish that the prosecution or law

enforcement suppressed exculpatory evidence.  Handy does not allege such facts in his

proposed amended complaint.  Accordingly, I:  (1) reject Magistrate Judge Tafoya's

Recommendation regarding Handy's *Brady* claim and hold that the claim is futile and

shall not be included in Handy's Amended Complaint; and, (2) sustain the defendants'

objection that Handy fails to state a claim of relief with respect to his *Brady* claim.

### j.  Handy's Defamation Claim Against Detective Bryant and Officer Montoya (Claim 19)

Magistrate Judge Tafoya stated that because of an absence of argument by the

parties as to this claim, she was unable to conclude whether the claim is futile.  Thus,

Magistrate Judge Tafoya held the Court would address this claim if and when Detective

Bryant and Officer Montoya file a dispositive motion addressing this claim.  The

defendants object to Magistrate Judge Tafoya's Recommendation and state the CGIA bars any defamation claim relating to the second degree attempted murder charges.

In paragraph 104 of his proposed amended complaint, Handy alleges that Detective Bryant and Office Montoya "made false attempted murder and unlawful termination of pregnancy statements, where the libelous and slanderous statements imputed criminal offenses . . . " ECF No. 60-1, p. 23.  The defendants are correct in stating that the CGIA bars any defamation claim arising from the June 16, 2010, preliminary hearing and second degree attempted murder charges.  Thus, this claim can only relate to the June 16, 2011, preliminary hearing and the first degree extreme indifference attempted murder charges.  Handy's proposed amended complaint contains sufficient allegations at this stage of the proceedings to establish a defamation claim against Detective Bryant and Officer Montoya regarding the first degree extreme indifference attempted murder charges.  Accordingly, I:  (1) reject Magistrate Judge Tafoya's Recommendation regarding Handy's defamation claim against Detective Bryant and Officer Montoya, as it relates to the June 16, 2011, preliminary hearing and the first degree extreme indifference attempted murder charges, and I find that the claim is not futile and shall be included in Handy's Amended Complaint; and, (2) sustain the defendants' objection only to the extent that they reiterate that the CGIA bars any defamation claim arising from the June 16, 2010, preliminary hearing and second degree attempted murder charges.

### k.  Factual Clarification Regarding the Preliminary Hearings

Handy requests that the Court allow him to include in his proposed amended complaint that there were two, separate and distinct preliminary hearings:  one on June

16, 2010, regarding the second degree attempted murder charges, and one on June 16,

2011, regarding the first degree extreme indifference attempted murder charges.

Magistrate Judge Tafoya held that this distinction may be included in Handy's Amended

Complaint and I agree.

### CONCLUSION

 After careful consideration of the matters before this Court, it is

ORDERED that Magistrate Judge Tafoya's Recommendation [ECF No. 93] is

**AFFIRMED IN PART** and **REJECTED IN PART**.

With respect to the defendants' Motion To Dismiss For Lack of Subject Matter

Jurisdiction [ECF No. 19], the Recommendation is **REJECTED** to the extent that

Magistrate Judge Tafoya recommended that his Court has subject matter jurisdiction

over Claim 6:  malicious prosecution.  I find that this Court lacks subject matter

jurisdiction over that claim.  The remainder of the Recommendation, as it relates to the

defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 19], is

**AFFIRMED** and **ADOPTED** in its entirety.  Therefore, it is

FURTHER ORDERED that the defendants' Motion To Dismiss For Lack Of

Subject Matter Jurisdiction [ECF No. 19] is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** in that:  (1) this Court lacks subject matter jurisdiction over

Handy's tort claims arising out of his February 10, 2010, arrest and the subsequent

second degree attempted murder charges; and, (2) the CGIA bars Handy's claims

against Detective Bryant and Officer Montoya in their official capacities.  The motion is

**DENIED** in that:  (1) this Court has subject matter jurisdiction over Handy's tort claims

arising out of or in connection with the June 16, 2011, preliminary hearing *i.e.*, the first

degree extreme indifference attempted murder charges and alleged protection order

violation; (2) the CGIA does not bar Handy's claims against Detective Bryant and Officer

Montoya in their individual capacities; and, (3) the defendants are not entitled to

reasonable attorney fees pursuant to COLO. REV. STAT. § 13-17-201 because this action

is not dismissed.

With respect to Handy's Motion to Amend Complaint [ECF No. 60], the

Recommendation is **REJECTED** to the extent that Magistrate Judge Tafoya declined to

rule on Handy's *Brady* claim (Claim 20) due to the "absence of appropriate argument."

ECF No. 93, p. 31, ¶ 4.  I find that Handy has not alleged sufficient facts to establish a

*Brady* claim.  Therefore, the claim is futile and shall not be included in Handy's

Amended Complaint.  The Recommendation is also **REJECTED** to the extent that

Magistrate Judge Tafoya declined to rule on Handy's defamation claim against

Detective Bryant and Officer Montoya (Claim 19).  I find that to the extent the

defamation claim relates to the June 16, 2011, preliminary hearing and the first degree

extreme indifference attempted murder charges, the claim is not futile and shall be

included in Handy's Amended Complaint.  The remainder of the Recommendation, as it

relates to Handy's Motion to Amend Complaint [ECF No. 60], is **AFFIRMED** and

**ADOPTED** in its entirety.  Therefore, it is

FURTHER ORDERED that Handy's Motion To Amend Complaint [ECF No. 60] is

**GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** to the extent

that Handy seeks to assert:  (1) false arrest and false imprisonment claims against

Detective Bryant (Claims 12 & 13) that relate to the first degree extreme indifference

attempted murder charges and the alleged protection order violation, all which arose

from the June 16, 2011, preliminary examination; (2) a malicious prosecution claim

(Claim 6) against Detective Bryant, Officer Montoya, and Smith as it relates to the

charges for first degree extreme indifference attempted murder and the protection order

violation; (3) a negligence claim (Claim 8) against Detective Bryant and Officer

Montoya; (4) claims for malicious prosecution (Claim 6), intentional infliction of

emotional distress (Claim 15), and defamation (Claim 19) against Smith; and, (5) a

defamation claim (Claim 19) against Detective Bryant and Officer Montoya.  The motion

is also **GRANTED** to the extent that Handy seeks to clarify that there were two separate

and distinct preliminary hearings:  one on June 16, 2010, regarding the second degree

attempted murder charges, and one on June 16, 2011, regarding the first degree

extreme indifference attempted murder charges.  The motion is **DENIED** to the extent

that Handy seeks to assert the following claims, and the following claims **shall not** be

included in Handy's Amended Complaint:  (1) false arrest and false imprisonment

claims (Claims 12 & 13) against Detective Bryant to the extent they relate to Handy's

February 12, 2010, arrest and the second degree attempted murder charges, and

Handy's August 18, 2011, arrest; (2) the malicious prosecution claim (Claim 6) against

Detective Bryant, Officer Montoya, and Smith as it relates to Handy's second degree

attempted murder charge; (3) the civil conspiracy claim (Claim 7) against all the

individual defendants; (4) claims for negligent supervision (Claim 9) and *respondeat*

*superior* (Claim 10) against the City of Sheridan, Detective Bryant, and Officers

Montoya, Arrellano, and Schwan; (5) the failure to train and supervise claim (Claim 11)

against the City of Sheridan and Detective Bryant; (6) all claims asserted against

Officers Arrellano and Schwan (Claims 1,2,5,7,8,10,11, & 20); (7) all claims asserted

against Glaviano and Burks (Claims 5-7, 15, & 19); and, (8) the conspiracy claims against Smith (Claims 5 & 7).  It is

FURTHER ORDERED that the Defendants' Objections To Recommendations Of United States Magistrate Judge [ECF No. 97] are **SUSTAINED** in that:  (1) Handy's allegations do not establish a *Brady* claim; and, (2) the CGIA bars any defamation claim arising from the June 16, 2010, preliminary hearing and the second degree attempted murder charges.

Dated:  March 26, 2013.

BY THE COURT:


/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge