IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01015-WYD-KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

CITY OF SHERIDAN,
DET. KRISTINE BRYANT, Individual & Official, and
OFF. MIKE MONTOYA, Individual & Official,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER is before the Court on Plaintiff, Wyatt Handy's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 59 and 60 (ECF No. 185), filed *pro se*[1] on March 18, 2014.   This motion asks the Court to reconsider its Order (ECF Nos. 179), filed February 17, 2014.   That Order granted Defendants' motions for summary judgment (ECF Nos. 109, 110, and 111) and denied Plaintiff's motions to continue and/or stay proceedings (ECF No. 134), to amend or alter judgment (ECF No. 177), and to order clerk to send Plaintiff a copy of the register of actions (ECF No. 176).   Plaintiff's motion also seeks reconsideration of Magistrate Judge Tafoya's Minute Order (ECF No. 180), filed February 18, 2014, which denied as moot Plaintiff's motion for an order to compel discovery (ECF No. 150) and motion to reopen (ECF No. 154), in light of the order

---

[1] "[P]ro se complaints [are read] more liberally than those composed by lawyers and [are] dismiss[ed] . . . only when it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"   *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

granting summary judgment in this case. Final judgment (ECF No. 183) was entered by the Clerk of the Court on February 24, 2014.

By way of background, this suit arises from events connected to a vehicle incident involving Handy that allegedly resulted in the termination of his ex-wife's pregnancy. On February 20, 2010, Handy was arrested by Sheridan Police Department personnel for second degree attempted murder and other related offenses. Handy's case went to trial on August 16, 2011, and on August 18, 2011, a jury acquitted him of all charges. Handy was arrested that same day for an alleged protection order violation. On December 7, 2011, the protection order violation charge was dropped. Handy then filed suit against the Defendants asserting various claims of misconduct surrounding these events. For the reasons discussed below, I deny Plaintiff's motion for reconsideration.

Plaintiff states that his motion is brought under Fed.R.Civ.P. 59(e) and 60(b). Rule 59(e) motions must be filed within 28 days of final judgment. Fed.R.Civ.P. 59(e). Motions filed after 28 days of final judgment should be considered under Rule 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (analyzing a prior version of Rule 59(e) and noting that a motion not served within 10 days of judgment must be construed as a Rule 60(b) motion). If a motion is timely under both rules, I may construe it "either as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) or as a motion for relief from the judgment under Fed.R.Civ.P. 60(b)." *Commonwealth Prop. Advocates, LLC v. Mortg. Electronic Registration Sys., Inc.,* 680 F.3d 1194, 1200 (10th Cir.2011).

The manner in which the motion will be construed "depends upon the reasons expressed by the movant." *Id.* "Grounds warranting a motion to reconsider [under Rule

59(e)] include (1) an intervening change in the controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). "A Rule 60(b) motion is appropriate for, among other things, 'mistake, inadvertence, surprise, or excusable neglect' and 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial.'" *Id.* (quoting Fed.R.Civ.P. 60(b)(1), (2)).

In the case at hand, although Plaintiff's motion was filed less than 28 days after final judgment,[2] I find that Plaintiff's motion should not be characterized as a Rule 59(e) motion. For instance, Plaintiff did not demonstrate that reconsideration is appropriate based on a change in controlling law or the availability of new evidence. Plaintiff does, however, argue that there is a need to correct clear error or prevent manifest injustice based on his former attorney, Douglas Romero's neglect, the Court's failure to consider evidence, and the Court's failure to reopen discovery. I find that the motion is more appropriately addressed under Rule 60(b). Indeed, Plaintiff argues in his motion, among other things, that the Court failed to address whether his former attorney's acts and omissions amounted to inadvertence, inattention, or negligence, and that the Court cannot hold Plaintiff responsible for the negligent acts and omissions of his former attorney. "[R]elief from judgment based on attorney mistake" is properly addressed under Rule 60(b)(1). *See Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir.2005).

Rule 60(b) permits a court to relieve a party from an order for the following reasons:

---

[2] Final Judgment was entered on February 24, 2014. Plaintiff's instant motion was filed on March 18, 2014.

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).   Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."   *Van Skiver,* 952 F.2d at 1243; *see also Servants of the Paraclete,* 204 F.3d at 1009.

Here, Plaintiff's motion fails to satisfy any of the above six grounds for relief.   As to Plaintiff's reliance on Rule 60(b)(1), his motion should be denied because he has failed to establish excusable neglect.   The burden of proving excusable neglect rests with the party moving to have the judgment set aside.   *See Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990).   Relevant factors for the Court to consider include the danger of prejudice to the opposing party, the potential impact on judicial proceedings, the reason for the mistake—including whether it was within the reasonable control of the movant—and whether the movant acted in good faith.   *Jennings,* 394 F.3d at 856.   The Court may also consider "whether the mistake was a single unintentional incident."   *Id.* at 857.   The reason for the mistake is the most important factor in determining whether neglect is excusable.   *Id.*   "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."   *Pelican Prod. Corp.,* 893 F.2d at 1146.   Likewise, a

parties *pro se* status does not afford a basis for relief under Rule 60(b)(1). *Andrews v. Colorado*, No. CIV.A. 06-CV-01738WD, 2009 WL 3271177, at *2 (D. Colo. Oct. 9, 2009).

Plaintiff argues that his former attorney knew that allegations alone in pleadings are insufficient, but "failed to properly respond to the Defendants['] summary judgment motion with a[n] affidavit or declaration, and documentary evidence" as required by Rule 56. ECF No. 185, p. 4. This conduct, as alleged, does not amount to grounds for relief under Rule 60(b)(1). In order for Plaintiff's judgment to be set aside under Rule 60(b)(1), he must prove that his former attorney's conduct was excusable. *See Pelican Production Corp.,* 893 F.2d at 1146 ("The burden is upon the party moving to have the judgment set aside to plead and *prove* excusable neglect"). It being Plaintiff's obligation to prove excusable neglect, and because no proof of excusable neglect has been tendered, I find that Plaintiff's obligation under Rule 60(b)(1) has not been met. Therefore, I find that relief is inappropriate under Rule 60(b)(1).

Likewise, I find that Plaintiff's motion should be denied to the extent that it relies on Rules 60(b)(2) and 60(b)(3). The Plaintiff has failed to show the existence of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial. He has also failed to demonstrate that Defendants were engaged in fraud, misrepresentation, or misconduct. Finally, to the extent that Plaintiff seeks relief under Rule 60(b)(6), his motion is denied because he has failed to establish that such relief is warranted in this case. Rule 60(b)(6) permits the court to relieve a party from final judgment for "any other reason justifying relief." The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 579 (10th Cir.1996).

Despite the broad power given to courts under this provision, it has been interpreted very narrowly—a court "may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."  *Id.* at 580 (citations omitted).   Plaintiff has not asserted any facts or issues that are so "unusual or compelling" that extraordinary relief is warranted or that it would offend justice to deny such relief.  *Cashner,* 98 F.3d at 580.

The filing of concurrent Rule 59(e) and 60(b) motions circumvents the intent of the rules.   "[T]he rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b).  These two rules are distinct; they serve different purposes and produce different consequences."  *Van Skiver*, 952 F.2d at 1243.   Nonetheless, in an abundance of caution, the Court finds in the alternative that Plaintiff has also failed to demonstrate grounds for reconsideration under Rule 59(e).  Recall that there are three major grounds that justify reconsideration of a motion under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.   See *Servants of the Paraclete*, 204 F.3d at 1009; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997) ("[a] Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence.") (internal quotation marks omitted).   Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.   Such a motion is committed to the trial court's discretion.   See *Phelps*, 122 F.3d at 1324.

In the case at hand, Plaintiff has not advanced any change in the law or newly discovered evidence. Moreover, Plaintiff has not shown any clear error in the Court's ruling. Finally, Plaintiff has not shown that the Court misapprehended the facts, the parties' positions or controlling law. Accordingly, I find that Plaintiff's motion is not proper. *See Servants of the Paraclete*, 204 F.3d at 1012 (a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. Rule 59 and 60 (ECF No. 185), filed *pro se*, is **DENIED**.

Dated:   January 30, 2015.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE: